## SUMMONS

### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

Beaver Smith

_____

Plaintiff(s)

vs.

Ardent Health Services/
Hillcrest Medical Center

_____

Defendant(s)

Case No. **CJ-2014-04818**

Attorney(s) for Plaintiff(s)
Name   The Denton Law Firm PLLC
Address   320 S. Boston Ave Ste 1030
          Tulsa OK 74103

Telephone   (918) 631-7181

Appointed to serve. PSL #_____

_____
Authorized by

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

    Issued this _22_ day of _____12_____, 20_14_.

                                Sally Howe Smith, Court Clerk

                    By_____, Deputy Court Clerk

(Seal)

This summons and order was served on _____.
                                        (date of service)

                                _____
                                (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

### Return ORIGINAL for filing.



DISTRICT COURT
FILED

DEC 22 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

**IN THE DISTRICT COURT FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

BEAVER SMITH,                                   )
                                                )
              Plaintiff,                        )   Case No. **CJ-2014-04878**
                                                )
vs.                                             )       **JEFFERSON D. SELLERS**
                                                )
ARDENT HEALTH SERVICES / HILLCREST              )   ATTORNEY'S LIEN CLAIMED
MEDICAL CENTER                                  )
                                                )   JURY TRIAL DEMANDED
                                                )
              Defendant.                        )

---

## PETITION

**COMES NOW**, the Plaintiff, Beaver Smith, by and through his attorney of record, Robert S. Denton, of THE DENTON LAW FIRM PLLC, and herein alleges and states the following against the Defendant, Ardent Health Services / Hillcrest Medical Center:

### PARTIES

1.     Plaintiff, Beaver Smith, at all times relevant hereto, is an individual residing in Tulsa County, Oklahoma.

2.     Upon information and belief, Defendant, Ardent Health Services / Hillcrest Medical Center, is a resident of Tulsa County, Oklahoma.

3.     The Plaintiff is a former employee of Defendant, and he was employed with Defendant from September 27, 2010, to April 24, 2013.

4.     Plaintiff conducted his duties as an employee of the Defendant in the City of Tulsa, Tulsa County, Oklahoma.

5.     At all times the Defendant, Ardent Health Services/Hillcrest Medical Center, acted through its employees and agents and as such is liable for their acts and omissions under the doctrine of *respondeat superior*.

## JURISDICTION AND AUTHORITY

6.     Pursuant to 12 O.S. § 2010(B) and (C), the Plaintiff hereby adopts by reference each and every allegation set forth in detail in paragraphs 1 through 5 as if restated here in full.

7.     This action is brought pursuant to the following statutes: 42 U.S.C. § 12101, et seq.; and 29 U.S.C. § 2601 – 2654 et seq.

8.     All events which give rise to this litigation occurred in Tulsa County Oklahoma and as such this Court has jurisdiction over the parties and subject matter herein and is the proper forum for this cause of action.

## FACTS COMMON TO ALL COUNTS

9.     Pursuant to 12 O.S. § 2010(B) and (C), the Plaintiff hereby adopts by reference each and every allegation set forth in detail in paragraphs 1 through 8 as if restated here in full.

10.     The Defendant was a qualified employer under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601-2654 (FMLA).

11.     The Plaintiff was a qualified employee under the FMLA.

12.     On February 17, 2012, Plaintiff was approved intermittent leave as a result of a serious health condition that he was suffering, including extreme episodes of hypertension, Reiter's Disease, and depression.

13.     Defendant encouraged the Plaintiff to work more hours to make up for missing work due to his many legitimate hospital visits to treat his medical issues covered under FMLA, which Plaintiff did, and then Defendant terminated the Plaintiff's employment for absenteeism.

14.     Prior to filing this lawsuit, the Plaintiff filed a complaint with the Oklahoma City office of the Equal Employment Opportunity Commission ("EEOC").

15.     On September 23, 2014, the EEOC issued a "Right to Sue" letter to the Plaintiff.

## FIRST CAUSE OF ACTION

**(Employment Discrimination in Violation of the Americans with Disability Act)**

*42 U.S.C. § 12101, et seq.*

16.     Pursuant to 12 O.S. § 2010(B) and (C), the Plaintiff hereby adopts by reference each and every allegation set forth in detail in paragraphs 1 through 15 as if restated here in full.

17.     The Plaintiff is an individual with a disability under the Americans with Disabilities Act (ADA) since he suffered from the disabilities set forth above.

18.     The Plaintiff requested reasonable accommodation from the Defendant under the ADA, including intermittent leave to attend doctors' appointments and hospitalizations.

19.     The Plaintiff's supervisor, whom the Defendant employed, referred to the Plaintiff's disability as a negative "behavior" and spread rumors that the Plaintiff was faking his disability.

20.     The Plaintiff's assertion of his rights under the FMLA and/or the ADA was a significant motivating factor in Defendant's decision to terminate Plaintiff.

21.     Plaintiff was subsequently terminated by the Defendant on April 24, 2013, for what the Defendant pretextually termed, "absenteeism".

22.     The Defendant has acted maliciously and willfully violated the federal secured rights of the Plaintiff under the FMLA and/or the ADA and as such, punitive damages should be assessed against it addition to actual damages.

23.     As a result of Defendant's conduct, Plaintiff has sustained actual damages in excess of $75,000.00.

**WHEREFORE**, premises considered, Plaintiff demands judgment against the Defendant, and prays for an award of actual and compensatory damages in an amount in excess of $75,000.00 and reimbursement for the reasonable attorney's fees and costs incurred with pre and post-judgment interest thereon, and any such further relief as the Court deems equitable and just in this matter. Further, Plaintiff asserts Defendant's reckless disregard of the rights of others and intentional and malicious behavior warrants an assessment of punitive or exemplary damages in the amount commensurate with the financial resources available, the harm already caused, the degree and awareness of wrongfulness, and the need to discourage other from similar conduct in an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION

### (Violation of the Family Medical Leave Act)

### *29 U.S.C. 2615, et seq.*

24.     Pursuant to 12 O.S. § 2010(B) and (C), the Plaintiff hereby adopts by reference each and every allegation set forth in detail in paragraphs 1 through 23 as if restated here in full.

25.     The Defendant was a qualified employer under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601-2654 ("FMLA").

26.     The Plaintiff was a qualified employee under the FMLA.

27.     On February 17, 2012, Plaintiff was approved intermittent leave as a result of a serious health condition that he was suffering, including extreme episodes of hypertension, Reiter's Disease, and depression.

28.     Defendant encouraged the Plaintiff to work more hours to make up for missing work due to his many legitimate hospital visits to treat his medical issues covered under FMLA, which Plaintiff did.

29.     Although Defendant encouraged and required Plaintiff to work extra hours outside of Plaintiff's schedule in order to "make up" for missed work from Plaintiff's FMLA absences, Defendant did not credit Plaintiff back any of the FMLA time that was deducted from Plaintiff's twelve (12) weeks of FMLA leave.

30.     By doing so, Defendant ultimately deprived Plaintiff of and interfered with Plaintiff's ability to take his full twelve (12) weeks of FMLA leave afforded to the Plaintiff under law.

31.     Defendant ultimately terminated the Plaintiff's employment on April 24, 2013, for what the Defendant deemed "absenteeism" despite the fact that Defendant would require to "make up" the time off Plaintiff took for FMLA, effectively interfering with and preventing Plaintiff to actually take his FMLA leave in the first place.

**WHEREFORE,** premises considered, Plaintiff demands judgment against the Defendant, and prays for an award of actual and compensatory damages in an amount in excess of $75,000.00 and reimburse the reasonable attorney's fees and costs incurred with pre and post-judgment interest thereon, and any such further relief as the Court deems equitable and just in this matter. Further, Plaintiff asserts Defendant's reckless disregard of the rights of others and intentional and malicious behavior warrants an assessment of punitive or exemplary damages in the amount commensurate with the financial resources available, the harm already caused, the degree and awareness of wrongfulness, and the need to discourage other from similar conduct in an amount in excess of $75,000.00.

Respectfully submitted,

Robert S. Denton, OBA No. 30854
THE DENTON LAW FIRM PLLC
320 S. Boston Ave., Ste. 1030
Tulsa, OK 74103
Phone: (918) 631-7181
Facsimile: (918) 550-8100
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of December, 2014, a true, correct and exact copy of the above and foregoing instrument was:

_____ Mailed, with Proper Postage Fully Prepaid Thereon:

__X___ Mailed by Certified Mail, Delivery Restricted, Return Receipt No. 40123460000126311113.

_____ Transmitted Via Facsimile;

_____ Hand Delivered; or

_____ Delivered to a Certified Process Server for Service,

for service upon the organization listed below:

Natalie N. Turner
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Phone: (404) 870-1735
Facsimile: (404) 870-1732
Email: Natalie.Turner@ogletreedeakins.com
*Attorney for the Defendant*

_____
Robert S. Denton, Esq.

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

DEC 2 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

BEAVER SMITH,

        Plaintiff,

vs.

ARDENT HEALTH SERVICES/
HILLCREST MEDICAL CENTER,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CJ-2014-04878**

**JEFFERSON D. SELLERS**

---

## ENTRY OF APPEARANCE

---

COMES NOW, the undersigned attorney, ROBERT S. DENTON, of THE DENTON

LAW FIRM PLLC, and hereby enters his appearance as attorney for the Plaintiff, Beaver Smith,

and requests copies of all pleadings and notice of all proceedings hereinafter.

Respectfully submitted,

Robert S. Denton, OBA #30854
The Denton Law Firm PLLC
320 South Boston Avenue, Suite 1030
Tulsa, OK 74103
Telephone: (918) 631-7181
Facsimile: (918) 948-7928
*Attorney for the Plaintiff,*
*Beaver Smith*

Page 1 of 2

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of December, 2014, a true, correct and exact copy of the above and foregoing instrument was:

_____ Mailed, with Proper Postage Fully Prepaid Thereon:

__X___ Mailed by Certified Mail, Delivery Restricted, Return Receipt No. 40123460000126311113.

_____ Transmitted Via Facsimile;

_____ Hand Delivered; or

_____ Delivered to a Certified Process Server for Service,

for service upon the organization listed below:

Natalie N. Turner
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Phone: (404) 870-1735
|Facsimile: (404) 870-1732
Email: Natalie.Turner@ogletreedeakins.com

*Attorney for the Defendant*

_____
Robert S. Denton, Esq.



The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| BEAVER SMITH,<br>    Plaintiff,<br>v.<br>ARDENT HEALTH SERVICES/ HILLCREST<br>MEDICAL CENTER,<br>    Defendant. | No. CJ-2014-4878<br>(Civil relief more than $10,000:<br>WRONGFUL TERMINATION)<br><br>Filed: 12/22/2014<br><br>Judge: Sellers, Jefferson D. |

## Parties

ARDENT HEALTH SERVICES , Defendant
SMITH, BEAVER , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| Denton, Robert Scott (Bar # 30854)<br>The Denton Law Firm<br>320 South Boston Ave.<br>Suite 1030<br>Tulsa, OK 74103 | SMITH, BEAVER |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

| Issue # 1. | Issue: WRONGFUL TERMINATION (TERMINATE)<br>Filed by: SMITH, BEAVER<br>Filed Date: 12/22/2014 |
|---|---|
| **Party Name:** | **Disposition Information:** |
| **Defendant:** ARDENT HEALTH SERVICES | Pending. |

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 12-22-2014 | TEXT<br>CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | 92333280 | Dec 22 2014 1:35:21:500PM | - | $ 0.00 |

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 12-22-2014 | TERMINATE | - | | 92333282 | Dec 22 2014 1:35:21:550PM | Realized | $ 0.00 |
| | WRONGFUL TERMINATION | | | | | | |
| 12-22-2014 | DMFE | - | | 92333283 | Dec 22 2014 1:35:21:570PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 12-22-2014 | PFE1 | - | | 92333284 | Dec 22 2014 1:58:09:540PM | Realized | $ 163.00 |
| | PETITION($ 163.00) | | | | | | |
| | 📄 _Document Available (#1028051682)_ | | | | | | |
| 12-22-2014 | PFE7 | - | | 92333285 | Dec 22 2014 1:35:21:570PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 12-22-2014 | OCISR | - | | 92333286 | Dec 22 2014 1:35:21:570PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 12-22-2014 | CCADMIN02 | - | | 92333287 | Dec 22 2014 1:35:21:570PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 12-22-2014 | OCJC | - | | 92333288 | Dec 22 2014 1:35:21:570PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 12-22-2014 | OCASA | - | | 92333289 | Dec 22 2014 1:35:21:570PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 12-22-2014 | CCADMIN04 | - | | 92333290 | Dec 22 2014 1:35:21:570PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 12-22-2014 | LTF | - | | 92333291 | Dec 22 2014 1:35:21:760PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 12-22-2014 | SMF | - | | 92333292 | Dec 22 2014 1:35:21:790PM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | | |
| 12-22-2014 | SMIMA | - | | 92333293 | Dec 22 2014 1:35:21:820PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | | |
| 12-22-2014 | EAA | - | SMITH, BEAVER | 92343281 | Dec 23 2014 10:55:16:117AM | - | $ 0.00 |
| | ENTRY OF APPEARANCE / ROBERT S DENTON ENTERS FOR BEAVER SMITH / CERT OF SERVICE | | | | | | |
| | 📄 _Document Available (#1028058363)_ | | | | | | |
| 12-22-2014 | TEXT | - | | 92333281 | Dec 22 2014 1:35:21:510PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE. | | | | | | |

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 12-22-2014 | ACCOUNT | - | | 92333333 | Dec 22 2014 1:36:15:710PM | - | $ 0.00 |

RECEIPT # 2014-2997105 ON 12/22/2014.
PAYOR:THE DENTON LAW FIRM TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:
CJ-2014-4878: $168.00 ON AC01 CLERK FEES.
CJ-2014-4878: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2014-4878: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2014-4878: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2014-4878: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2014-4878: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2014-4878: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2014-4878: $10.00 ON AC81 LENGTHY TRIAL FUND.

Report Generated by The Oklahoma Court Information System at January 27, 2015 8:08 AM

End of Transmission.